# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD C. PATTERSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2007** |
| **RADIATOR SPECIALTY CO., ET AL.** | **SECTION "K"(5)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 53) filed by The Travelers Indemnity Company, on behalf of itself and The Travelers Insurance Company (collectively "Travelers") as alleged insurers of Witco Corporation ("Witco") and certain deceased Witco Alleged Executive Officers, namely Joseph Waples, R.D. Whitmer, Ray Bellanger and Roy Ratcliff (referred to collectively as "the Witco Executive Officers."). Having reviewed the pleadings, memoranda and the relevant law, the Court finds merit in most of Travelers' contentions.

Plaintiffs are Lavera Peterson Patterson, individually and as the legal representative of Edward Charles Patterson, Sr., Lamar Patterson Sr. and Edward Charles Patterson, Jr. (collectively referred to as "Plaintiffs"). Edward Patterson was diagnosed with Multiple Myeloma on May 13, 2010, and died on August 31, 2011 as a result of his alleged occupational exposure to benzene as an employee of Witco. Plaintiffs sued Radiator Specialty Company as a "product defendant"[1] and Travelers as the alleged liability insurers for Witco and its Executive Officers from 1966 through 1976 for tort claims, wrongful death claims and survival action

---

[1] Radiator Specialty Co, the product liability defendant in this matter has been voluntarily dismissed.

claims asserted in the original Complaint and First Supplemental and Amended Complaint ("Amended Complaint") (Doc. 44).

Plaintiffs concede that the LWCA provides the exclusive remedy for Plaintiffs' wrongful death and post-1976 survival action claims. Plaintiffs also have stated that no product liability claim is asserted against Travelers or its alleged insureds. Thus, what remains are the allegations contained under the heading "First Case of Action: Liability of the Witco Corporation Gretna Plant Executive Officers" based on negligence (Doc. 44, Amended Complaint, § VII) and the allegations contained under the heading "Former Article 2317 Liability" (Doc. 44, Amended Complaint, § XI) and the issue presented is whether the Pre-1976 Survival Action claims based on the actions of the Witco Executive Officers from 1966 through 1976 in negligence and/or strict liability are viable.

**Standard for Rule 12(b)(6)**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1980). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an

2

incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at 563, 127 S.Ct. at 1969. "To survive a *Rule 12(b)(6)* motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969).

**Pre-1976 Survival Action claims based on the actions of the Witco Executive Officers from 1966 through 1976**

The first part of this inquiry as to the negligence survival action claims concerns plaintiffs' failure to allege the legal relationship of any of the plaintiffs to the deceased, Edward Charles Patterson, Sr. Plaintiffs have informed the Court that Lavera Patterson is the surviving spouse of the deceased and that Lamar Patterson, Sr. and Edward Charles Patterson, Jr. are the deceased's surviving sons. While the Court recognizes this deficiency as material, clearly, it will grant leave for plaintiffs to amend the complaint again to include the legal relationship which is

3

necessary for them to pursue any survival action claim under La. Civ. Code art. 2315.1 against the Witco Executive Officers for actions from 1966 and 1976 and Travelers as their insurer.

The second question is whether there is a survival action based on former La. Civ. Code art. 2317, that being for strict liability. As stated in *Walls v. American Optical Corp.*, 740 So.2d 1262 (La. 1999):

> Prior to the 1974 amendment to the Louisiana Workers' Compensation Act, La. R.S. 23:1032 provided that workers' compensation benefits were the exclusive remedy of an employee, his personal representatives, dependents or relations, against an employer for injuries arising out of and in the course of his employment. Since the law did not expressly confer immunity from tort suits on any person other than the employer, this Court held in *Canter v. Koehring Co.,* , 283 So.2d 716 (La. 1973), that an injured worker was allowed to seek recovery in tort from negligent executive officers and their liability insurers.

*Id.* at 1265. In 1976, the Louisiana legislature passed Act No. 145, which amended Revised Statute § 23:1032 and extended tort immunity to executive officers of an employer. *Arceneaux v. Amstar Corp.*, 2004 WL 574718 (E.D.La. March 22, 2004)(Vance, J.). Nonetheless, the cause of action that survived is one for *negligence* only, not one arising under La. Civ. Code art. 2317. Strict liability requires that the person sought to be made liable have control of the thing that caused harm. Plaintiff has cited no case and the Court is unaware of one that finds executive officers having the requisite control to state a cause of action against them under art. 2317. Indeed, it would seem that the "control" would be as to the corporation and thus immunity would attach for strict liability under the LWCA. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 53) is **GRANTED** dismissing with prejudice (1) all tort claims asserted against Travelers as an alleged insurer of Witco; (2) all wrongful death claims asserted against Travelers as an alleged insurer of Witco and its alleged executive officer; (3) all post-1976 survival claims asserted

4

against Travelers as an alleged insurer of Witco and its alleged executive officers; (4) all products liability claims asserted against Travelers as an alleged insurer of Witco and its alleged executive officers; and (5) all pre-1976 survival claims brought pursuant to La. Civ. Code art. 2317 in strict liability.

**IT IS FURTHER ORDERED** that Plaintiffs be granted leave of Court to amend their First Supplemental and Amended Complaint to delineate their status as it pertains to entitlement to pursue a survival action under La. Civ. Code art. 2315.1 for the alleged negligence of the Witco Executive Officers from 1966 to 1976.

New Orleans, Louisiana, this 2nd day of May, 2012.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**